Brandt L. Wolkin, Esq. SBN 112220
Catharine M. Tolson, Esq. SBN 271223
WOLKIN · CURRAN, LLP
111 Maiden Lane, Sixth Floor
San Francisco, California 94108
Telephone:   (415) 982-9390
Facsimile:    (415) 982-4328
bwolkin@wolkincurran.com
ctolson@wolkincurran.com

Attorneys for plaintiff
GRANGE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MANAL ELSHAMY, an individual; AND DOES 1-10,<br><br>    Defendants. | Case No.<br><br>**GRANGE INSURANCE ASSOCIATION'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF** |

COMES NOW, GRANGE INSURANCE ASSOCIATION ("GRANGE" and/or "Plaintiff"), and alleges as follows:

## PARTIES

1. Plaintiff GRANGE is now, and at all times mentioned in the Complaint was, an insurance company organized and existing under the laws of the State of Washington, with its principal place of business located at 200 Cedar Street, Seattle, Washington. GRANGE is licensed to do business in the State of California by the California Secretary of State and Department of Insurance.

2. GRANGE is informed and believes, and thereon alleges, that defendant Manal Elshamy is an individual residing in Stanislaus County, California.

## ACTION

3. This is an action for rescission and declaratory judgment brought under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining actual controversies among the parties as hereinafter more fully set forth.

## JURISDICTION

4. The controversy for which GRANGE requests a declaratory judgment involves parties who are subject to the diversity jurisdiction of this court and the amount in controversy exceeds the jurisdictional limitations set forth in 28 U.S.C. §1332.

## VENUE

5  Venue is proper in the Eastern District of California in that the Defendant is subject to personal jurisdiction in this district at the time this action is commenced (28 U.S.C. §1391(c)) and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL RECITALS AND INSURANCE POLICY

6. GRANGE issued Homeowners Policy No. 5233084733, effective September 27, 2018 through September 27, 2023 (the "Policy"). In the Application for Insurance submitted by Plaintiff to obtain insurance with GRANGE, Manal Elshamy represented the subject property 1705 Ruby Lane, Modesto, CA 95350 (the "Subject Property") was her primary residence, and only two individual household residents would reside therein. It has now been discovered that this representation was false, Manal Elshamy has never lived in the Subject Property, and her brother and his family have lived there for the past fifteen years, including at the time the Application was submitted to GRANGE. GRANGE would not have issued the Policy had that information been truthfully provided.

    **A.**    **The Fire Loss and False Reporting to Grange**

7. On April 11, 2023, Defendant Manal Elshamy's brother, Medhat Elshamy, called in a fire loss at the Subject Property, and told GRANGE that "he and his family are living with the insured" (the "Claim"). GRANGE's adjuster, Emily Sperry, called back and took a recorded statement from Medhat's wife, Tammy (Defendant's sister in law), on April

11, 2023.  Tammy told Ms. Sperry that there was a fire in her daughter's room at 2:00-2:30 a.m. that morning, in the corner near where her clothes and shoes are, and where she plugs in her phone.  They called 911, and evacuated.  The Subject Property sustained major damage.  The cause of the fire was ultimately undetermined by fire investigators because of the extent of damage.

8. During that same call, Ms. Sperry asked Tammy how many people live in the house, and Tammy answered "six."  In the background of the call, Tammy's daughter can be heard responding to Ms. Sperry's question by stating, "five."  Tammy then clarifies that her daughter meant to say six people because Defendant Manal lives with them but was at work at the time of the fire.  Everyone in the house is over the age of 18.

9. GRANGE also spoke with Defendant Manal Elshamy on April 11, 2023, who gave permission to GRANGE to have her brother Medhat and sister-in-law Tammy "handle the claim for her."  Accordingly, she designated them as her agents for purposes of the claim.

10. On April 18, GRANGE's Emily Sperry received a call back from the Defendant's sister-in-law, Tammy.  A claims note written by Ms. Sperry at the time of the call documents that Tammy told her, "she and her husband were up all night and needed to let me know that Manal didn't live in the house."  Tammy had a change of heart, and they decided to tell the truth about the living situation.  She chalked her previous misstatements up to "the stress of the situation."

11. Tammy advised that Defendant Manal Elshamy had an argument with her brother in the lobby of the hotel where GRANGE had relocated them after the fire. GRANGE was advised that Defendant Manal Elshamy arrived to the hotel to find that GRANGE had paid for a room for Defendant Manal's displacement.  She inquired with Tammy and Medhat why there was a hotel room for her when she does not live at the Subject Property and is not displaced.  Defendant Manal requested that the hotel cancel the room, and had argument with Medhat and Tammy about lying to GRANGE and the fire

///

department by telling them that Defendant Manal lives at the Subject Property when she does not. Tammy then called GRANGE the next day to tell the truth.

12. Tammy advised GRANGE that none of the contents in the Subject Property were Defendant Manal's, but instead are all Tammy's and Medhat's.

13. It is GRANGE's understanding from statements provided by all parties that Tammy and Medhat pay the mortgage and utilities, and there is no rental agreement in place.

14. At the time Tammy admitted to having made false statements to obtain insurance coverage, Tammy advised that they will repay everything paid to date if that is what is needed.

## FIRST CAUSE OF ACTION

### (Rescission of the Policy)

15. GRANGE re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 14 of the Complaint.

16. Defendant Manal Elshamy submitted an Application for Homeowners Insurance with GRANGE on or about September 2018, in which she represented that the Residence Type for this Subject Property was "Primary" and stated that the number of Families residing therein would be "1" and the Number of Household Residents would be "2." The Application included a Verification of Content, which stated,

> "Any person who knowingly and with intent to defraud any insurance company or another person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects the person to criminal and civil penalties.
>
> Applicant's statement: I have read the above application and any attachments. I declare that the information provided in them is true, complete and correct to the best of my knowledge and belief. This information is being offered to the company as an inducement to issue the policy for which I am applying.
>
> I understand that the coverage selection and limit choices indicated here will apply to all future policy renewals, continuations, and changes unless I notify you otherwise in writing."

17. GRANGE has now determined that the representations made by Defendant in the Application were, in fact, false. Defendant Manal has never lived at the Subject

Property. In fact, for the past fifteen years, including at the time the Application for Insurance was submitted, Defendant Manal's brother, Medhat Elshamy and his wife Tammy Elshamy and their children have resided at the Subject Property, paid the mortgage and utilities, and defendant Manal has at all times resided elsewhere.

18. At the time the representations were made, and at the time GRANGE issued the Homeowners Policy, GRANGE did not know the representations made were false. GRANGE believed the representations to be true and reasonably relied on them. If GRANGE had known the true facts, it would not have issued the Homeowners Policy to Defendant.

19. GRANGE will suffer substantial harm and injury if the Policy are not rescinded. Defendant's misrepresentations as to the occupants of the Subject Property caused the risk accepted by GRANGE to be greatly expanded beyond what it was willing to insure and deprived GRANGE of its bargain.

20. GRANGE provided notice of rescission pursuant to this Summons and Complaint and by way of June 7, 2023 correspondence, and reimbursed Defendant $3,809.55 (Three Thousand Eight Hundred and Nine Dollars and Fifty-Five Cents) for all premiums paid for the Policy.

21. As a result of issuing the Homeowners Policy, GRANGE has incurred expenses in addition to those alleged above. Additional expenses include, without limitation, attorneys' fees and costs to file the instant action. GRANGE will continue to incur expenses in an amount unknown at this time. GRANGE prays leave of this court to amend this Complaint to insert the true amount of those expenses when they have been ascertained.

## SECOND CAUSE OF ACTION

**(Declaratory Relief Regarding No Coverage Under the Policy)**

22. GRANGE re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 21 of the Complaint.

///

23. Defendant Manal Elshamy submitted an Application for Homeowners Insurance with GRANGE on or about September 2018, in which she represented that the Residence Type for this Subject Property was "Primary" and stated that the number of Families residing therein would be "1" and the Number of Household Residents would be "2." The Application included a Verification of Content, which stated,

> "Any person who knowingly and with intent to defraud any insurance company or another person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects the person to criminal and civil penalties.
>
> Applicant's statement: I have read the above application and any attachments. I declare that the information provided in them is true, complete and correct to the best of my knowledge and belief. This information is being offered to the company as an inducement to issue the policy for which I am applying.
>
> I understand that the coverage selection and limit choices indicated here will apply to all future policy renewals, continuations, and changes unless I notify you otherwise in writing."

24. The Grange Policy was issued based on the material representations made in the application for insurance. The Policy also provides:

> "**Q.   Concealment Or Fraud**
>
> We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
>
> 1. Intentionally concealed or misrepresented any material fact or circumstance;
>
> 2. Engaged in fraudulent conduct; or
>
> 3. Made false statements;…"

25. GRANGE has now determined that the representations made by Defendant in the Application were in fact false. Defendant Manal has never lived at the Subject Property. In fact, for the past fifteen years, including at the time the Application for Insurance was submitted, Defendant Manal's brother, Medhat Elshamy and his wife Tammy Elshamy and their children have resided at the Subject Property, paid the mortgage and utilities, and defendant Manal has at all times resided elsewhere.

///

26. At the time the representations were made, and at the time GRANGE issued the Homeowners Policy, GRANGE did not know the representations made were false. GRANGE believed the representations to be true and reasonably relied on them. If GRANGE had known the true facts, it would not have issued the Homeowners Policy to Defendant.

27. Further, Grange is informed and believes and thereon alleges that Defendant's brother and sister-in-law, acting as authorized agents to handle adjustment of the fire loss claim, did make false statements to GRANGE for the purposes of obtaining insurance proceeds under the Policy.

28. GRANGE will suffer substantial harm and injury if the Policy are not rescinded. Defendant's misrepresentations as to the occupants of the Subject Property caused the risk accepted by GRANGE to be greatly expanded beyond what it was willing to insure and deprived GRANGE of its bargain.

29. Should GRANGE not be granted rescission as prayed for in the First Cause of Action, then GRANGE also seeks a declaration that it is not obligated to provide coverage to Defendant for the Claim in light of the misrepresentations made in the application for insurance and/or made by Defendant and/or her brother and sister-in-law on her behalf, as articulated herein.

30. An actual and present controversy now exists between GRANGE and Defendant for the reasons described above, GRANGE contends it is not obligated to provide coverage for the Claim and Defendant believes otherwise.

31. Should the Court find that GRANGE is not entitled to rescission of the Policy, GRANGE desires a judicial determination and declaration of the parties' respective rights and duties under the Policy issued to Defendant. Specifically, GRANGE desires a judicial determination and declaration that it is not obligated to provide coverage to Defendants for the Claim in light of the material misrepresentations made in the application for insurance and/or by Defendant and/or her authorized agents during the Claim adjustment.

WHEREFORE, GRANGE prays for judgment as set forth below.

1. For rescission of the Homeowners Policy *ab initio*;
2. For a declaration of all rights, duties and obligations of the parties under the Homeowners Policy;
3. That a judgment be entered against Defendant determining that GRANGE has no obligation to provide coverage for the Claim at the Subject Property in light of material misrepresentations made in the application for insurance and/or by Defendant and/or her agents during the Claim adjustment process;
4. For reimbursement of reasonable attorneys' fees and other litigation expenses according to proof;
5. For costs of suit incurred herein;
6. For pre-judgment and post-judgment interest at the legal rate; and,
7. For such other further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  June 7, 2023                              WOLKIN CURRAN, LLP

By: */s/ Brandt L. Wolkin*
Brandt L. Wolkin, Esq.
Catharine M. Tolson, Esq.
Counsel for Plaintiff GRANGE INSURANCE ASSOCIATION

8
COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF                              CASE NO.